## ENFORCEMENT OF ANTE-NUPTIAL CONTRACT AFTER DEATH OF HUSBAND.

Circuit Court of Cuyahoga County.

BENJAMIN A. GAGE, AS ADMINISTRATOR OF THE ESTATE OF FREDERICK T. BECK, DECEASED, v. SARAH A. C. BECK.*

Decided, January 19, 1905.

*Ante-Nuptial Contracts—A Wife After Death of Her Husband May Maintain an Action for Breach of an Ante-Nuptial Contract.*

Where a husband had by an ante-nuptial contract, agreed to set aside a certain sum to be paid to his wife, or in the event he should not have the money then, to set aside lands of equal value, and died intestate without having set aside either money or lands and with insufficient personal property to pay the amount, the wife, having fully performed, may maintain an action against the administrator of her husband's estate for breach of contract.

*Guerin & Gage,* for plaintiff in error.
*Arnold Green,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are the reverse of their relation to the suit in the original case. They will be spoken of in the opinion as they were in the case below.

The plaintiff and Frederick T. Beck, now deceased, were husband and wife, having been married to each other on the 5th day of August, 1895, and thereafter lived together as husband and wife until the 26th day of January, 1904, when said husband died intestate. The defendant is the administrator of the estate of the deceased husband.

The plaintiff presented to such administrator the claim upon which this suit was brought and demanded its allowance by him as a valid claim to be paid out of the estate of the deceased, and such claim was rejected.

On the 3d day of July, 1895, the decedent executed and delivered to the plaintiff a writing which reads as follows:

*Affirmed without opinion, *Gage* v. *Beck,* 75 Ohio State, 575.

"CONTRACK.

"July 3d, 1895, FORT WAYNE, IND.

"I hereby sign a contrack to have set aside $2,000.00 two thousand dollars to pay Sarah E. C. Bolton if she marries me and stops with me until death separates us for my care and trouble in sickness and death besides holding her third interest in all my personal and real estate her lawful right held by me the signee. If there should not be any money left then, then shall be set aside land and deeded to her two thousand dollars worth of land now owned by me via Cleveland, Ohio, to satisfy her claim and leave her as long as she lives the use of one-third the balance of the farm; this shall give her that amount of all I do possess after the two thousand dollars is given her I set my hand and sign.

"FREDK THOS. BECK."

At the time of the execution of said writing said Frederick owned no land in the city of Cleveland, but did own a farm in Euclid township, Cuyahoga county, Ohio, of which county Cleveland is the county seat, and said Frederick still owned the same land when he died.

The claim of the plaintiff is that she married Frederick and fully performed on her part all the conditions required of her in the writing and that she has received no payment in money nor any conveyance of land in fulfillment of the promise made to her in said writing. The prayer of the petition is that said administrator be required to allow her claim for $2,000, and interest thereon from the time of Frederick's death, and that she have judgment against him for that amount. The case was tried in the common pleas court to a jury, resulting in a verdict for the plaintiff for the amount claimed. Motion for a new trial was made and overruled and judgment was entered on the verdict. The case is here by proper proceedings for review. A bill of exceptions containing all the proceedings on the trial is filed.

At the trial it was shown clearly, as we think, at any rate with sufficient clearness to justify the jury in finding:

First, that Frederick executed the writing.

Second, that plaintiff performed her full duty as required by condition in the writing.

Third, that the sum of $2,000 was never set aside for or paid to her.

Fourth, that she had received no land from her husband, and that no land was set aside for her by him or by any one else on his account.

Fifth, that said decedent did not leave money or other personal estate sufficient to pay her $2,000 or any considerable part of it.

No land having been set aside by Frederick in his lifetime for the satisfaction of the promise made by him to the plaintiff, it follows that the lands which he owned at the time of his death descended to his heirs. As none of this land is described so in the contract as that any particular part can be said to have been contracted to her, it further follows that she has no cause of action against the heirs for any land, and so it follows that she is without remedy against any person whatever, if she is not entitled to recover against the administrator, and as she is by law a stranger to the real estate left by the decedent, except he be ordered by court to sell some of it to pay debts, her only recovery against him, if she can have any, is such recovery as she got in the court of common pleas.

It is said by the plaintiff in error that the suit is for breach of contract. In a sense this is true of all suits the foundation of which are contracts. In some cases the suit is for a wrong suffered by the plaintiff in not being permitted to perform the contract upon his part, and in some it is because the defendant failed to keep his promises after plaintiff had fully performed on his part. The present action is of the latter class as we view it, as much as a suit upon a promissory note would be.

Whatever may be said as to whether, however, the action is a direct suit upon the contract, or a suit for its breach in the sense in which plaintiff in error claims, the damages are absolutely liquidated. The amount lost by the plaintiff by the failure of her husband to set aside for her to be paid her at his death $2,000 in money, or to set aside and deed or cause to be deeded to her land of the value of $2,000 was the same in either case.

Much space is given in the brief of plaintiff in error to establish the proposition that the writing was not such a contract for the conveyance of land as could be specifically enforced. With this proposition we are in full accord.

We are also in full accord with his claim that the writing can not be enforced as a will, but it does not follow from this that it has no binding force.

It is unskillfully drawn and ungrammatically expressed but we think its meaning is clear, that the plaintiff was to have $2,000 in money or land. She got neither. The only manner of giving her the benefit of the promises made to her is by judgment such as she obtained in the court of common pleas, and the same is affirmed.